**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| ERIC LICON | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CAUSE NO. 7-22-CV-00051-DC-RCG |
| SINGH JASWINDER, | § | |
| SANDEEP KAUR BRAR, AND | § | |
| MKS TRANSPORT, INC. | § | |
|     Defendants. | § | |

## DEFENDANTS SINGH JASWINDER, SANDEEP KAUR BRAR, AND MKS TRANSPORT, INC.'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

COME NOW, Singh Jaswinder, Sandeep Kaur Brar, and MKS Transport, Inc., Defendants and file their Amended Answer to Plaintiff's First Amended Petition.

### I. DISCOVERY CONTROL PLAN LEVEL

1.　　Discovery Control Plan Level is a matter of law in Texas State Court that Defendants do not need to admit or deny as contained in Paragraph 1 of Plaintiff's First Amended Petition.

### II. JURY DEMAND

2.　　Defendants admit that Plaintiff has a right to a jury trial as asserted in Paragraph 2 of Plaintiff's First Amended Petition. Defendants have insufficient information to admit or deny whether the appropriate jury fees were included by Plaintiff.

### III. PARTIES

3.　　Defendants do not presently have sufficient information to admit or deny the allegations and averments set forth in paragraph 3 of Plaintiff's First Amended Petition.

4.　　Defendants admit the allegations and averments set forth in paragraph 4 of

Plaintiff's First Amended Petition.

5.      Defendants admit the allegations and averments set forth in paragraph 5 of Plaintiff's First Amended Petition.

6.      Defendants admit the allegations and averments set forth in paragraph 6 of Plaintiff's First Amended Petition.

## IV. VENUE AND JURISDCITION

7.      Venue and jurisdiction are conclusions of law that Defendants do not need to admit or deny.

## V. FACTS

8.      Defendants admit that the motor vehicle collision at issue occurred on March 31, 2020, at or near the intersection of Interstate 20 and Farm to Market 1882, Odessa, Texas. Defendants further admit that Defendant Singh Jaswinder was driving an 18-wheeler owned by Defendant Sandeep Kaur Brar and/or Defendant MKS Transport, Inc. Defendants deny all other allegations and averments of fact as set forth in paragraph 8 of Plaintiff's First Amended Petition.

9.       Defendants deny all allegations and averments of fact contained in paragraph 9 of Plaintiff's First Amended Petition.  Proximate cause is a conclusion of law that Defendants do not need to admit or deny.

10.      Defendants deny all allegations and averments set forth in paragraph 10 of Plaintiff's First Amended Petition.

11.      Defendants deny all the allegations and averments set forth in paragraph 11 of Plaintiff's First Amended Petition.

12.      Defendants deny all the allegations and averments set forth in paragraph 12 of Plaintiff's First Amended Petition.

13.     Defendants deny the allegations and averments set forth in paragraph 13 of Plaintiff's First Amended Petition.

14.     Defendants deny all the allegations and averments set forth in paragraph 14 of Plaintiff's First Amended Petition.

15.     Defendants deny all the allegations and averments set forth in paragraph 15 of Plaintiff's First Amended Petition, and Defendants deny that Plaintiff is entitled to any of the relief he seeks in paragraph 15 and subparagraphs 15.a. through 15.f. of Plaintiff's Fist Amended Petition.

16.     Defendants deny all the allegations and averments set forth in paragraph 16 of Plaintiff's First Amended Petition.

17.     Defendants deny all the allegations and averments set forth in paragraph 17 of the Plaintiff's First Amended Petition.

18.     Judicial notice and notice of intent to use U.S. Life Tables are not averments of fact that Defendants need to admit or deny.

19.     Defendants deny all allegations and averments set forth in paragraph 19 of Plaintiff's First Amended Petition.

20.     Defendants do not know the amount of Plaintiff's damages, and therefore cannot admit or deny the allegations and averments set forth in paragraph 20 of Plaintiff's First Amended Petition.

21.     Defendants deny all the allegations and averments set forth in paragraph 21 of Plaintiff's First Amended Petition.

## IV.  AFFIRMATIVE DEFENSES

22.     Plaintiff's allegations for medical expenses are limited to those expenses actually paid or incurred by the Plaintiffs.

23.     The Court should instruct the jury as to whether any recoveries sought by the Plaintiffs are subject to federal or state income taxes.

24.     To the extent that Plaintiff received injuries before and after the occurrence in question and that the injuries contributed to Plaintiff's present damages, and disabilities, if any, the occurrence involving those injuries were an intervening cause, a new and independent cause, or the sole proximate cause of Plaintiff's injuries, damages, and disabilities, if any.

25.     For further Answer, if same be necessary, Defendant would state that Plaintiff's injuries and damages, if any, were the proximate result of the negligent acts and/or omissions of Plaintiff for:

a.      Failing to keep a proper lookout as would have been done by a reasonable and prudent person exercising a reasonable degree of caution under the same or similar circumstances.

b.      Failing to timely and properly apply his brakes, as would have been done by a reasonably prudent person under the same or similar circumstances;

c.      Demonstrating driver inattention;

d.      Operating his vehicle at a speed greater than is reasonable and prudent in the circumstances;

e.      Failing to keep the vehicle he was driving under control, as would have been done by a reasonable and prudent person exercising a reasonable degree of prudence under the same or

similar circumstances;

      f.      Failure to take proper evasive action to avoid Defendants' vehicle.

Each of the above acts or omissions, singularly or in combination with each other, constituted, negligence, which proximately and directly caused Plaintiff's own injuries and damages.

      Plaintiff's acts and/or omissions of negligence, separately or concurrently, were the sole proximate cause, or in the alternative, a proximate cause of the occurrence made the basis of this suit. Accordingly, in the unlikely event that Plaintiff recovers damages in this suit, such damages should be reduced in proportion to the percentage of fault found against Plaintiff.

### VII. DEFENDANTS' PRAYER

      WHEREFORE, Defendants Singh Jaswinder, Sandeep Kaur Brar, and MKS Transport, Inc., pray that Plaintiff takes nothing by and from this action from Defendants, that Defendants recover their costs, and that they be awarded all other relief to which they may show themselves to be justly entitled.

      Respectfully submitted,

      **EKVALL & BYRNE, L.L.P.**


By:    */s/ Erika K. Singler*
      ERIKA K. SINGLER
      State Bar No. 24118670
      4450 Sigma Road, Suite 100
      Dallas, Texas 75244
      972-239-0839 Phone
      972-960-9517 Fax
      esingler@ekvallbyrne.com
      **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On **March __21__, 2022,** I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system (CM/ECF) of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure.

_/s/Erika K. Singler_
Erika K. Singler